**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRIS CYRIL COWART, | No. 16-56109 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08092-MWF-PJW |
| v. | |
| LAC METRO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Chris Cyril Cowart appeals pro se from the district court's judgment

following a jury trial in his employment action alleging federal and state claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions

for summary judgment. *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2013).  We affirm.

The district court properly granted summary judgment on Cowart's fraudulent concealment of documents claim because Cowart failed to raise a genuine dispute of material fact as to whether defendant intended to conceal documents for the purpose of denying worker's compensation.  *See* Cal. Ins. Code § 1871.4(a)(1) (unlawful to make any knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying worker's compensation).

The district court properly granted summary judgment on Cowart's retaliation claim because Cowart failed to raise a genuine dispute of material fact as to whether a causal link existed between any protected activity and defendant's adverse actions.  *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (setting forth elements of a retaliation claim under the California Fair Employment and Housing Act ("FEHA")).

The district court properly granted summary judgment on Cowart's harassment claim under FEHA because Cowart failed to raise a genuine dispute of material fact as to whether the conduct was severe or sufficiently pervasive enough to alter the conditions of his employment.  *See Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851-52 (Cal. 1999) (setting forth requirements of harassment claim under FEHA).

16-56109

We do not consider Cowart's contentions regarding the jury instructions and special verdict form because Cowart failed to raise these issues before the district court. *See Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1022-23 (9th Cir. 2002) (failure to object to jury instructions waives issue on appeal); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001) (failure to challenge jury verdict form waives issue on appeal).

We do not consider Cowart's contentions regarding disability discrimination under FEHA because Cowart failed to allege this claim in his operative complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (court does not consider allegations raised for the first time on appeal).

Cowart's requests set forth in the opening and reply briefs are denied.

**AFFIRMED.**